UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 5, 2018

Ferrara Law Group, P.C.
Ralph P. Ferrara, Esq.
50 W. State Street, Suite 1100
Trenton, New Jersey 08608
*Counsel for Plaintiff*

Kardos, Rickles & Hand, P.C.
Marc I. Rickles, Esq.
626 S. State Street
Newtown, Pennsylvania 18940
*Counsel for Defendants Anil Deshpande,*
*Lisa Jackson, Universal Clinical Laboratories, LLC,*
*and Med Mark 2, LLC*

Porzio, Bromberg & Newman, P.C.
Eric L. Probst, Esq.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
*Counsel for Defendant Vitas Laboratory, LLC*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Patire v. Deshpande, et al.**
            **Civil Action No. 18-7816 (SDW) (LDW)**

Counsel:

    Before this Court is Defendants Anil Deshpande ("Deshpande"), Lisa Jackson ("Jackson"), Universal Clinical Laboratories, LLC ("UCL"), and Med Mark 2, LLC's ("MM2") Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 9(b), 12(b)(1), 12(b)(3), 12(b)(6), and 12(b)(7), and to strike allegations related to any prior settlements involving the parties pursuant to Rule 12(f). (ECF No. 16.) Also before this Court is Defendant Vitas Laboratory, LLC's ("Vitas") Motion to Dismiss pursuant to Rules 9(b), 12(b)(2), and 12(b)(6). (ECF No. 22.) For the reasons discussed below, both Motions to Dismiss are **GRANTED**.

## I. BACKGROUND & PROCEDURAL HISTORY

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will only summarize those facts relevant to the instant motion.

Plaintiff Thomas Patire ("Plaintiff"), Defendant Deshpande, and Defendant Jackson are part owners of Defendant UCL, an independent clinical laboratory. (Compl. ¶¶ 44, 51, 55, ECF No. 1.) Plaintiff and Jackson also jointly own UCL's management company, Defendant MM2. (*Id.* ¶¶ 161-63.) According to the Complaint, shortly after UCL acquired Lehigh Valley Toxicology, LLC ("Lehigh") in September 2016, "Desphande and Jackson seized control of UCL and excluded the other managers, including Plaintiff, from participating in the day-to-day operations of UCL." (*Id.* ¶ 52.) Since then, UCL has allegedly experienced a decline in revenue due to Deshpande and Jackson's mismanagement and/or fraudulent activities. (*Id.* ¶¶ 2, 66-67, 69.) Plaintiff claims, among other things, that Deshpande and Jackson diverted funds from UCL/Lehigh to their personal accounts through an agreement with Defendant Vitas. (*Id.* ¶ 123.)

On April 16, 2018, Plaintiff filed an eighteen-count Complaint, asserting direct claims on behalf of himself and derivative claims on behalf of UCL and MM2. (*See generally id.*) On June 1, 2018, Defendants Deshpande, Jackson, UCL, and MM2 filed a Motion to Dismiss.[1] (ECF No. 16.) On June 15, 2018, Defendant Vitas also filed a Motion to Dismiss.[2] (ECF No. 22.) This Court held oral argument on September 17, 2018 and subsequently reserved its decision on both motions. (ECF No. 86.)

## II. DISCUSSION

A. <u>Personal Jurisdiction</u>

Pursuant to Rule 12(b)(2), a party may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992) (citations omitted); *see also Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "[The] plaintiff must respond with actual proofs, not mere allegations." *Patterson by Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

Personal jurisdiction may be based on either general or specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779-80 (2017). General jurisdiction arises when the defendant's affiliations with the forum state are "so 'continuous and systematic' as to render them essentially at home in the forum State."[3] *Koch v. Pechota*, Nos. 17-2737, 17-

---

[1] Plaintiff opposed on July 2, 2018, and Defendants Deshpande, Jackson, UCL, and MM2 replied on July 23, 2018. (ECF Nos. 43-44, 48-51.)
[2] Plaintiff opposed on July 16, 2018, and Defendant Vitas replied on July 23, 2018. (ECF Nos. 47, 52.)
[3] Here, Vitas is the only defendant disputing personal jurisdiction. This Court need not address whether it has general jurisdiction over Vitas because Plaintiff only argues that this Court has specific jurisdiction over the defendant. (*See* Pl.'s Opp'n to Vitas' Mot. at 2, ECF No. 47.)

3254, 2018 WL 3620481, at *4 (3d Cir. July 30, 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). To determine whether specific jurisdiction exists, "(1) the defendant must have purposefully directed [its] activities at the forum; (2) the litigation must arise out of or relate to at least one of those activities; and (3) if the first two requirements are met, the exercise of jurisdiction must otherwise comport with fair play and substantial justice." *Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, No. 17-4886, 2018 WL 1459502, at *3 (D.N.J. Feb. 15, 2018) (internal quotation marks omitted) (citing *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007)), *report & recommendation adopted by* 2018 WL 1456621 (D.N.J. Mar. 23, 2018). In evaluating whether personal jurisdiction exists, a court "looks beyond the pleadings to all relevant evidence and construes all disputed facts in favor of the plaintiff." *MaxLite, Inc. v. ATG Elecs., Inc.*, 193 F. Supp. 3d 371, 382 (D.N.J. 2016).

Upon reviewing the affidavits and evidence presented in the instant matter, this Court finds that it does not have personal jurisdiction over Defendant Vitas. According to Vitas' Chief Operating Officer Brice Taylor, Vitas is a reference laboratory that was formed in Delaware, maintains its principal place of business in Oklahoma, and has facilities in Arkansas and West Virginia. (Taylor Aff. ¶¶ 1, 3-5, ECF No. 22-2.) Although the company obtains a small fraction of its samples from client sites in New Jersey, none of its laboratory services are performed in New Jersey. (*Id.* ¶¶ 22-24.) Vitas and Defendant UCL have an agreement whereby Vitas pays UCL for medical laboratory testing services. (*Id.* ¶¶ 25, 27.) Pursuant to that agreement, Vitas has sent samples and issued checks to UCL's Pennsylvania address. (*Id.* ¶¶ 26, 29.) Other than pure speculation that Vitas submitted claims to an insurance company in New Jersey, (Pl.'s Opp'n to Vitas' Mot. at 4), Plaintiff has failed to demonstrate that Vitas has purposefully directed its activities at the forum or that this suit arises out of or relates to those activities. Because Plaintiff has failed to demonstrate by a preponderance of the evidence that this Court has personal jurisdiction over Vitas, the Complaint is dismissed as to Vitas.

B. <u>Venue</u>

Pursuant to Rule 12(b)(3), a party may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). "The movant has the burden of demonstrating that venue is improper." *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 519 (D.N.J. 2013) (citing *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982)); *see also Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 160 (3d Cir. 2012). When considering a Rule 12(b)(3) motion, the district court accepts well-pleaded allegations in the complaint as true, unless contradicted by the defendant's affidavits. *Bockman*, 459 F. App'x at 158 n.1 (3d Cir. 2012) (citations omitted). In addition, the court determines whether venue is proper in accordance with the nature of the action. *Id*.

Here, Plaintiff alleges that venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because "the events and/or omissions giving rise to Plaintiffs' [sic] claims occurred in New Jersey."[4] (Compl. ¶ 39.) However, § 1391(b)(2) "requir[es] that the events or omissions supporting a claim be 'substantial.'" *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." *Id*. It is evident from the Complaint that this action is primarily a shareholder dispute between Plaintiff and Defendants Deshpande and Jackson

---

[4] Although Plaintiff cites broadly to the general venue statute, 28 U.S.C. § 1391, he relies solely on the reasons set forth in subsection (b)(2) of the statute.

regarding their companies Defendants UCL and MM2. Deshpande and Jackson reside in Pennsylvania, and UCL and MM2 maintain their principal places of business in Pennsylvania. (Compl. ¶¶ 12-13, 23-24.) There is nothing in the Complaint to suggest that the events or omissions giving rise to Plaintiff's claim occurred in New Jersey. *See Cottman Transmission Sys., Inc.*, 36 F.3d at 294. Thus, venue is not proper in this district, and the Complaint is dismissed.

### III. CONCLUSION

For the reasons set forth above, Defendants Deshpande, Jackson, UCL, MM2 and Vitas' respective Motions to Dismiss are **GRANTED**.[5] An appropriate Order follows.

/s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
Leda Dunn Wettre, U.S.M.J.

---

[5] This Court declines to reach the merits of Plaintiff's claims, which appear to involve a basic breach of contract issue, although asserted as violations of civil RICO, 18 U.S.C. § 1962.